UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| DUSTIN BRIAN LAROCHE,<br><br>Plaintiff,<br><br>vs.<br><br>LOWER BRULE SIOUX TRIBE CORPORATION, GENERAL ASSISTANCE BENEFITS PROGRAM,<br><br>Defendant. | 3:25-MC-00019-KES<br><br><br><br>ORDER DENYING MOTION TO PROCEED UNDER PSEUDONYM, GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS, AND DENYING MOTION TO APPOINT COUNSEL |

Pro se plaintiff, Dustin LaRoche, moves for an order suppressing public disclosure of his name and the names of his immediate family members. Docket 1 at 1. LaRoche requests that such an order includes suppressing any media dissemination of his "name, likeness, familial associations, or any identifying information" related to this matter. *Id.* The court liberally construes LaRoche's motion as one to proceed under pseudonym. *See Lamar v. Payne*, 111 F.4th 902, 907 n.2 (8th Cir. 2024) (noting federal courts must "liberally construe pro se filings"). LaRoche also moves for leave to proceed in forma pauperis, Docket 2, and appointment of counsel, Docket 3. The court issues the following order.

I.   **Motion to Proceed In Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma

pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After review of LaRoche's financial affidavit, the court finds that he has insufficient funds to pay the filing fee. *See* Docket 2. Thus, LaRoche's motion for leave to proceed in forma pauperis (Docket 2) is granted.

## II.     Motion to Appoint Counsel

"[P]ro se litigants have neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (emphasis omitted). A district court "may appoint counsel in such cases if convinced that an indigent plaintiff has stated a non-frivolous claim and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citations omitted). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id.* (internal quotation marks omitted).

Here, LaRoche states in his motion to appoint counsel that, "because of [his] poverty[, he is] unable to pay a reasonable attorney fee." Docket 3. LaRoche also indicates that he did not contact a single attorney to represent him in this matter. *Id.* Regardless, the facts and legal issues involved in this matter are not so complex that require the court to appoint him an attorney. From his motion, the court discerns no basis for concluding that LaRoche is unable to investigate the relevant facts and legal issues on his own, and he identifies none. For these reasons, LaRoche's motion to appoint counsel is denied.

### III.   Motion to Proceed under Pseudonym

Federal courts, mindful of the public's right to open proceedings and the need for accountability, generally do not permit parties to proceed under fictitious names in legal proceedings. *See Cajune v. Indep. Sch. Dis. 194*, 105 F.4th 1070, 1076 (8th Cir. 2024). Allowing parties to proceed under fictitious names undermines the public's First Amendment interest in open proceedings and their longstanding common-law right of access. *Id.* Judicial proceedings are genuinely public only when the identities of the litigants are known. *Id.* The Federal Rules of Civil Procedure do not explicitly permit the use of pseudonyms and instead require that "[a]n action . . . be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a).

"Despite this constitutionally-embedded presumption of openness in judicial proceedings, federal courts have allowed parties to proceed under pseudonyms in certain limited circumstances." *Cajune*, 105 F.4th at 1076-77

(citation omitted). The Eighth Circuit has held "that a party may proceed under a fictitious name only in those limited circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure." *Id.* at 1077. Three factors weighing in favor of anonymity include: "(1) the party seeking anonymity was challenging government activity; (2) identification threatened to reveal information of a sensitive and highly personal nature; and (3) a party would be required, absent anonymity, to admit an intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* The Eighth Circuit has also stated "that the danger of retaliation is 'often a compelling ground' in favor of anonymity." *Id.* (quoting *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004)). Factors weighing against party anonymity include: (1) "whether the party's requested anonymity poses a unique threat of fundamental unfairness to the defendant"; (2) "whether the public's interest in the case is furthered by requiring that the litigants disclose their identities"; and (3) "whether there exist alternative mechanisms that could protect the confidentiality of the litigants." *Id.* (internal quotation marks and citations omitted). These factors are non-exhaustive and other factors may be relevant. *Id.*

     Here, LaRoche asserts that "his immediate family has been subjected to sustained and targeted electronic terrorism, including but not limited to digital surveillance, harassment, and technological interference." Docket 1 at 1-2. Laroche alleges that "[t]he nature of the threats is technologically sophisticated and retaliatory, and public identification of [LaRoche] or his family would exacerbate the risk of harm and further embolden malicious actors." *Id.* at 2.

LaRoche argues that "[p]ublic disclosure of [his] identity or familial associations would prejudice his right to fair and unimpeded judicial processes, subjecting him to extrajudicial targeting, reputational harm, and procedural obstruction." *Id.* Finally, LaRoche contends that "[m]edia coverage or dissemination of [his] identity, family details, or case particulars would serve no legitimate public interest and would instead amplify the risk of harm, compromise the integrity of any proceedings, and deter [his] access to relief." *Id.*

LaRoche's arguments are unavailing. The court acknowledges that the danger of retaliation is "often a compelling ground" in favor of anonymity. *Cajune*, 105 F.4th at 1078 (internal quotation marks omitted). But beyond LaRoche's conclusory assertions, he offers no evidence that would render his accusations credible. Nor does LaRoche's motion explain whether his underlying claims challenge government action, whether disclosure of his identity would reveal information of a sensitive and highly personal nature, or whether proceeding under his real name would require him to admit an intent to engage in illegal conduct. *See id.* at 1077. On this record, allowing LaRoche to proceed under pseudonym would run "afoul of the public's First Amendment interest in public proceedings and their common law right of access thereto." *Id.* at 1076. Thus, LaRoche's motion to proceed under pseudonym is denied. It is

ORDERED that defendant's motion for Name Suppression, Media Restriction, and Protective Order (Docket 1) is denied; it is

FURTHER ORDERED that defendant's motion for Leave to Proceed In Forma Pauperis (Docket 2) is granted; it is

FURTHER ORDERED that defendant's motion to appoint counsel (Docket 3) is denied.

DATED December 31, 2025.

                                            BY THE COURT:

                                            */s/ Karen E. Schreier*
                                            KAREN E. SCHREIER
                                            UNITED STATES DISTRICT JUDGE